IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **DEOTIS B BLANDBURG,** | : | |
| **Plaintiff,** | : | |
| | : | No. 7:17-cv-00006-HL-TQL |
| v. | : | |
| **MARTY C ALLEN,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

Plaintiff Deotis B. Blandburg has filed a motion for leave to proceed *in forma pauperis* ("IFP") on appeal (ECF No. 70) from the Court's March 21, 2018, Order (ECF No. 63) adopting the Magistrate Judge's Recommendation (ECF No. 57) that Defendant's Motion to Dismiss (ECF No. 39) be granted and Plaintiff's complaint be dismissed as time-barred. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly Fed. R. App. P. 24(a) provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis

must file a motion in the district court. The party must attach an affidavit that:
   (A) shows . . . the party's inability to pay or to give security for fees and costs;
   (B) claims an entitlement to redress; and
   (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff's application in this case indicates that he is unable to pay the $505 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

The Court adopted the Magistrate Judge's Recommendation that Plaintiff's complaint be dismissed as time-barred under the Georgia's 2-year statute of limitations. However, Plaintiff seeks to argue on appeal that his claims are timely pursuant to O.C.G.A. § 9-2-61, Georgia's renewal statute. As an initial matter, Plaintiff failed to plead renewal as is required by Georgia case law. *See Whitesell v. Georgia Power Company*, 341 Ga. App. 279 (2017) (affirming dismissal of purported renewal action where plaintiff failed "to affirmatively show in his pleading that the [] suit was a properly filed renewal suit"). Under Georgia law, in order to rely on the renewal statute "to relieve the plaintiff of the bar of the statute of limitations, it is necessary for the renewal petition to show affirmatively that the former petition was not a void suit." *Belcher v. Folsom*, 258 Ga. App. 191, 192 (2002) (quoting *Morrison v. Bowen*, 106 Ga. App. 464 (1962)). Plaintiff not only failed to show that his former complaint was not a void suit, but failed to plead renewal whatsoever and in fact concealed the prior case when prompted by the Court's standard complaint form to disclose his litigation history. *See e.g. Morrison*, 106 Ga. App. 464. On this basis alone, Plaintiff's argument is without arguable merit.

Moreover, Georgia's renewal statute applies when the original action is recommenced within six months of the first action's dismissal. Plaintiff filed the instant action (1) outside the typical limitations period; and (2) within the six-month statutory deadline found in Georgia's renewal statue. However, under Georgia law, a case is commenced when service of process is perfected. *See Geary v. City of Snellville*, 205 F. App'x 761, 762-63 (11th Cir. 2006) (quoting *Stevens v. Shields*, 271 Ga. App. 141, 142 (2004)). No Defendants in this action waived service until well over six months after the

August 25, 2016, dismissal of Plaintiff's previous complaint.

Service of process may relate "back when the statute of limitations has run between the filing of the petition and the perfection of service" if (1) "service is perfected within five days of filing the complaint" or (2) "the plaintiff diligently attempted to perfect service." *Cambridge Mut. Fire Ins. Co. v. City of Claxton G*a., 720 F.2d 1230, 1233 (11th Cir. 1983); *Aucoin v. Connell*, 209 F. App'x 891 (11th Cir. 2006) ("[T]he court [] held that if the statute of limitations runs out between the filing of the complaint and service of process, the effective commencement date of the suit depends on when service of process is perfected."); *Roberts v. Georgia*, 228 F. App'x 851, 853 (11th Cir. 2007) (whether § 1983 lawsuit can be renewed "is also a question of state law"). Plaintiff failed to satisfy option one as the request for waiver of service was not mailed until May 2017, nine months after the first case was dismissed, and the person making service did not perfect service within five days. *See Giles v. State Farm Mut. Ins. Co*., 330 Ga. App. 314 (2014) (explaining the five-day rule and its misinterpretation).

As to option two, Plaintiff did not present argument or evidence that he diligently attempted to perfect service, and an independent review of the record revealed that he did not. Plaintiff in fact concealed the existence of his prior case despite being prompted by the Court's standard complaint form to disclose his litigation history. *King v. Peeples*, 328 Ga. App. 814 (2014) ("[W]here a plaintiff does not perfect service of a renewal action within the six-month renewal period established by O.C.G.A. § 9-2-61(a), the plaintiff has the burden of showing that she acted in a reasonable diligent manner to ensure proper service was made as quickly as possible."). Accordingly, the Court properly found

Plaintiff's complaint barred by the statute of limitations, properly rejected Plaintiff's objection, and this issue continues to be meritless on appeal. Because Plaintiff has no nonfrivolous issue to raise, Plaintiff's appeal is without arguable merit. Plaintiff's application to appeal in forma pauperis (ECF No. 70) is therefore **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED** this 8th day of May, 2018.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE